# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 19-42


## STATE OF LOUISIANA

## VERSUS

## WILL ANTONIO CELESTINE


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16636-15
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

John Foster DeRosier, District Attorney
Karen C. McLellan, Assistant District Attorney
Fourteenth Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Mary Constance Hanes
P. O. Box 4015
New Orleans, LA 70178
(504) 866-6652
COUNSEL FOR DEFENDANT/APPELLANT:
    Will Antonio Celestine

Jeffrey M. Landry, Attorney General
J. Taylor Gray, Assistant Attorney General
P.O. Box 94005
Baton Rouge, LA 70804
(225) 326-6200
COUNSEL FOR OTHER APPELLEE:
    Attorney General of the State of Louisiana

**EZELL, Judge.**

On November 17, 2017, Defendant, Will Antonio Celestine, was convicted of attempted illegal use of a weapon, possession of a weapon by a convicted felon, and unauthorized entry of an inhabited dwelling. Defendant was adjudicated a fourth felony habitual offender on January 8, 2018, for the offense of attempted illegal use of a weapon and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. He was also sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and to pay a $1000 fine for possession of a weapon by a convicted felon and to serve six years at hard labor for unauthorized entry of an inhabited dwelling. The trial court ordered Defendant's sentences be served concurrently.

On appeal, Defendant argued his constitutional rights under the Sixth Amendment, as applied to the states through the Fourteenth Amendment, were violated by the lack of unanimous jury verdicts. By votes of ten to two, Defendant was convicted of attempted illegal use of a weapon and possession of a weapon by a convicted felon. The jury returned a unanimous verdict for unauthorized entry of an inhabited dwelling. This court affirmed Defendant's convictions for attempted illegal use of a weapon and possession of a weapon by a convicted felon, stating:

> Defendant did not present his unconstitutional verdict claim to the trial court. Moreover, the gist of his argument to this court is the Supreme Court will eventually overrule *Apodaca* [*v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972)]. Based on the cases cited herein and Defendant's failure to raise his claim in the trial court, Defendant waived review of the issues presented in this assignment of error.

*State v. Celestine*, 19-42, p. 9 (La.App. 3 Cir. 10/2/19), 280 So.3d 1179, 1185.

On June 3, 2020, the supreme court granted Defendant's writ application in *State v. Celestine*, 19-1688 (La. 6/3/20), 296 So.3d 1029, and remanded the case

for further proceedings because the matter was pending on direct review when *Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390 (2020), was decided, and therefore the holding of *Ramos* applied.

In *Ramos*, the Supreme Court found non-unanimous jury verdicts unconstitutional. Accordingly, Defendant's convictions and sentences for attempted illegal use of a weapon and possession of a weapon by a convicted felon via non-unanimous verdicts are vacated and the case remanded for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**